RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 6 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES H. BRADY IV,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00743 |
| VERSUS | |
| W.A. SHERROD,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Charles H. Brady IV ("Brady") on May 12, 2011. Brady is contesting the calculation of his sentence by the United States Bureau of Prisons ("BOP"). Brady was sentenced to 180 months imprisonment on a 1997 conviction, entered pursuant to guilty pleas in the United States District Court for the Middle District of Pennsylvania, on one count of possession of a firearm during a drug trafficking offense and one count of aiding and abetting a theft of firearms from a licensed dealer. Brady raises the following grounds for habeas relief:

    1. Brady's federal sentence should be credited for his prior custody from September 14, 1995 until his federal sentence commenced in January 2000.

    2. The BOP has continuously stated that Brady had received such credits until the Pennsylvania Department of Corrections was contacted and stated Brady had not received credit and a calculation would not be done until Brady was recommitted to the state as a parole violator.

    3. The BOP's administrative remedy states on the central office level that, once Brady is returned to serve the

Pennsylvania sentence, he will receive credit. Therefore, Brady has not yet received credit for his imprisonment from September 14, 1995 through January 2000.

4. Credit will not be given and a calculation for credit will be performed until Brady is recommitted to the Pennsylvania Department of Corrections. Moreover, the Pennsylvania Department of Corrections does not have authority to make any determination concerning entitlement to credit fo the Pennsylvania Board of Probation and Parole.

The Respondent answered Brady's petition (Doc. 16) and concedes exhaustion of Brady's administrative remedies.[1] Brady's habeas petition is now before the court for disposition.

## Law and Analysis

Brady complains that he was not given credit on his federal sentence for time spent in state custody prior to imposition of that sentence. Since all four of Brady's grounds for relief involve a single issue, they are discussed together below.

The possibility of credit for time served prior to the date a federal sentence commences is set forth in 18 U.S.C. § 3585, as follows:

> (a) Commencement of sentence - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

---

[1] Once a prisoner has exhausted his administrative remedies through the BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010), and cases cited therein.

2

> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

A federal sentencing court is not authorized to apply Section 3585(b). Instead, it is the Attorney General, through the Bureau of Prisons, who computes the amount of Section 3585(b) credit after the defendant has begun to serve his sentence. <u>U.S. v. Wilson</u>, 503 U.S. 329, 112 S.Ct. 1351, 1353 (1992). The Bureau of Prisons has detailed procedures and guidelines for determining the amount of credit available to prisoners. Federal regulations also afford prisoners administrative review of the computation of their credits and prisoners may seek judicial review of the computations after exhaustion their administrative remedies. <u>Wilson</u>, 503 U.S. at 333, 112 S.Ct. at 1354; <u>U.S. v. Dowling</u>, 962 F.2d 390, 392 (5th Cir. 1992).

Where an individual has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about her decisions. <u>Jake v. Herschberger</u>, 173 F.3d 1059, 1065-1066 (7th Cir. 1999). See also, <u>U.S. v. Custard</u>, 230 F.3d 1360, 2000 WL 1290338

3

(6th Cir. 2000); <u>Mikus v. Haro</u>, 205 F.3d 1351, 1999 WL 1206618 (9th Cir. 1999).

The time line of the relevant events is as follows:

| Date | Event |
|---|---|
| 9/14/95 | Brady arrested in Pennsylvania on state burglary charges |
| 8/28/96 | Brady in federal custody one day pursuant to a federal writ of habeas corpus ad prosequendum and returned to state custody |
| 4/14/97-4/18/97 | Brady in federal custody pursuant to a federal writ of habeas corpus ad prosequendum, then returned to state custody |
| 6/25/97-8/21/97 | Brady in federal custody pursuant to a federal writ of habeas corpus ad prosequendum, then returned to state custody then returned to |
| 11/18/97 | Brady in federal custody one day (for imposition of federal sentence) pursuant to a federal writ of habeas corpus ad prosequendum and returned to state custody |
| 4/17/98 | Brady sentenced in Pennsylvania state court on two burglary charges (No. CP-19-CR-0000173-1997 and No. CP-60-CR-0000034-1997) |
| 4/27/98 | Brady given credit for time served from December 12, 1996 on his state sentence in No. CP-19-CR-0000173-1997 |
| 11/12/98 | Brady sentenced in Pennsylvania state court on burglary charge (No. CP-60-CR-0000067-1997) |
| 4/3/99-6/3/99 | State of Pennsylvania accidentally released Brady to federal custody and he was returned to state custody (and given credit on his federal sentence for this time) |

| | |
|---|---|
| 1/27/00 | Brady completed his state sentences and was taken into federal custody to begin serving his 180 month federal sentence |

Respondent contends that, upon completion of his federal sentence, Brady will be returned to Pennsylvania state custody for service of a parole violation term. At that time, the state of Pennsylvania will award all prior custody credit to which Brady is entitled, which includes the time he seeks to have credited to his federal sentence herein.

According to the documentary evidence submitted by both parties and an affidavit by Alan Ray, a management Analyst at the BOP Designation and Sentence Computation Center, the Pennsylvania Board of Probation and Parole intends to credit Brady for time served in state custody when he returns to state custody on parole violations (Docs. 9, 16). Therefore, Brady is not entitled to credit for that time on his federal sentence, as well. See 18 U.S.C. § 3585(b).

Brady argues he should be given credit for that time on his federal sentence because he has not yet been given credit on his state sentence, pursuant to 18 U.S.C. § 3585(b). However, the other part of that statute states that the prior time spent in custody must have been as a result of the federal offense for which he is serving the sentence or another, subsequent federal offense. In other words, Brady does not get credit on his federal sentence

for time previously spent in state custody on state offenses.[2] Since Brady was in state custody on state burglary charges while imprisoned in Pennsylvania during the time period alleged, he is not entitled to credit for that time period on his federal sentence.

Therefore, these grounds for habeas relief are meritless and Brady's habeas petition should be denied.

## Conclusion

Based on the foregoing discussion IT IS RECOMMENDED that Brady's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served

---

[2] While Brady was loaned by the State to the federal government on other occasions, that was done pursuant to a writ of habeas corpus ad prosequendum, which permits one sovereign (the receiving sovereign) to borrow temporarily a person in the custody of another sovereign (the sending sovereign) for the purpose of prosecuting him. Because the receiving sovereign merely obtains limited jurisdiction over the borrowed prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to still be in the custody of the sending sovereign. Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), citing Jake v. Herschberger, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). Hence, Brady was not in federal custody and was not given credit on his federal sentence for April 14-18, 1997 and June 25, 2997 to August 21, 1997.

with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of January 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE